IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY McCALL (WHALEY) | ) | No.  2:23-cv-1769 |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| COUNTY OF ALLEGHENY | ) | |
| | ) | |
| Defendant. | ) | |

Filed on Behalf of:
Plaintiff, SHELBY McCALL WHALEY

Counsel of Record for
This Party:

James L. Welsh, III, Esquire
PA I.D. #58790
THE WELSH LAW GROUP LLC

3875 Franklintowne Court
Suite 130
Murrysville, PA  15668
724-519-2122

e-mail:
jwelsh@thewklaw.com

JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY McCALL (WHALEY) | ) | No. |
| Plaintiff | ) | |
| vs. | ) | |
| COUNTY OF ALLEGHENY | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Shelby McCall (Whaley) herein after ("Shelby"), by undersigned counsel brings this action seeking legal and equitable relief and in support alleges the following:

### JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(t)(l); 42 U.S.C. §1981A and 28 U.S.C. §1331.

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII because:

   a. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission and cross-filed with the Pennsylvania Human Relations Commission.

   b. The EEOC issued a Notice of Right to Sue on July 23, 2023.

   c. This Complaint is filed within 90 days of receipt of that notice.

### THE PARTIES

3. Shelby worked for Defendant, until 2021 as a detective at the Allegheny County General Investigations Unit within the Allegheny County Police Department. She began her employment with Defendant in 2017 and was fired on December 2, 2021.

1

4.     Defendant, County of Allegheny has a business address of 920 City-County Building, 414 Grant Street Pittsburgh PA 15219. Defendant regularly conducts business in Pennsylvania. At all times relevant hereto, it was Shelby's employer and was an Employer, within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

## FACTUAL BACKGROUND

5.     Shelby is a life-long devout Christian. She has been active in her local church for many years. The Defendant accepted her religious belief as being sincerely held and never once questioned her faith or opposition to the covid19 vaccine.

6.     In response to the Covid-19 vaccine mandate, Plaintiff submitted a religious exemption. In her exemption request, she informed Defendant that she believes that her body is a holy temple of the Holy Spirit and that being vaccinated would entail going against her convictions and the commands of God. Plaintiff, also based upon her Christian beliefs does not believe in abortion. All of the three available vaccines used fetal cells in the creation and/or testing and/or manufacturing which is against her religion.

7.     At no time did Defendant ever engage in any interactive process with Plaintiff to determine whether there existed any reasonable accommodations for her sincerely held religious beliefs. It is believed and therefore averred that the Defendant never had any intention of granting Plaintiff's religious exemption. Rather, the Defendant's intention was to deny all or as many exemptions as possible and force all of its workforce to be vaccinated. Defendant simply manufactured a sham exemption procedure, pretended to listen at Plaintiff's Loudermill hearing then sent a template, fill-in the blank letter denying her exemption.

8.     Ms. Shelby also has a sincerely held religious belief that every child's life is

sacred because they are made in the image of God. *See Genesis* 1:26-27 (NABRE).

9. It is believed and therefore averred that Defendant had supplied Plaintiff with reasonable accommodations in the form of personal protection equipment, social distancing and/or sanitizing throughout the pandemic. In addition, weekly testing was required. These reasonable accommodations suddenly became an undue hardship when the vaccine mandate was put into place on December 1, 2021. Defendant does not require visitors and/or inmates in its facility to be vaccinated.

10. Respondent was allowed to continue to work until December 2, 2021. On that day, Defendant informed Plaintiff that she was immediately terminated. Her termination was solely due to her unvaccinated status. Defendant perceived Plaintiff as disabled due to her unvaccinated status.

11. Plaintiff offered to continue to use the reasonable accommodations listed above in lieu of getting the Covid 19 vaccine. Defendant ignored her requests and she was terminated.

12. Defendant never challenged the sincerity or validity of Plaintiff's sincerely held religious beliefs. At no time did the Defendant engage in the interactive process to question her beliefs against the vaccine. Rather, Defendant simply admitted by silence or acquiesce that Plaintiffs belief were sincerely held. Defendant has waived the right to challenge the sincerity or validity of Plaintiff's religiously held belief against the vaccination.

13. Defendant's sole reason given for denying Plaintiff's religious exemption was it would create an undue hardship on Allegheny County.

14. It is believed and therefore averred, that Defendant engaged in a policy of a

blanket denial of all requests for religious and/or medical exemptions and instead claiming undue hardship as Defendant's goal was to seek 100% vaccination of all its employees and to purge its payroll of the unvaccinated for Defendant's financial gain.

15.     Shelby had a sincerely held religious belief that her body is a temple of the Holy Spirit, and that to inject medical products that have any connection whatsoever to aborted fetal cell lines would be defiling the temple of the Holy Spirit. *(See 1 Corinthians* 6: 15-20).

16.     Shelby requested that the wearing of a mask and her consent to submit to Covid-19 testing at any time, be approved as a reasonable accommodation to receiving the Covid-19 vaccines because of strongly held religious belief precluding the imposition of the vaccines.

17.     The aforesaid accommodations were reasonable because, *inter alia,* the OSHA rules regarding workplace vaccine mandates provided those precise accommodations for employees whose sincerely held religious beliefs precluding imposition of Covid-19 vaccination. *See* 29 C.F.R. §§1910.501(g);and 1910.501(1)(1) *See also* 86 Fed. Reg. No. 212 at 61552-53 (Nov. 5, 2021)(noting wearing face covering and/or testing is acceptable accommodation as matter of law); *id.,* at 61553 (noting testing acceptable accommodation for religious objection as matter of law).

18.     Despite Shelby's request for accommodation of her sincerely held religious belief, Defendant refused to accommodate Shelby.

19.     Defendant failed to engage in the interactive process with Plaintiff.

20.     Defendant did not offer an alternative accommodation to Shelby's requests other than discharge.

21.     Rather, in a letter of, Defendant simply fired Shelby because the accommodation would cause an undue hardship.

4

## COUNT I

## TITLE VII DISCRIMINATION, RETALIATION, WRONGFUL DISCHARGE

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

23. Defendant fired Shelby because of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-(j), and 2000e-2(a)(l).

24. Defendant failed and refused to reasonably accommodate Shelby's religious observances and/or practices, in violation of Title VII.

25. As a direct result of Defendant's violation of Title VII, Shelby has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

26. Defendant's policy of denying all exemptions and instead forcing its will upon Defendant to get the vaccine against her religious beliefs is blatant discrimination and retaliation for exercising her religious beliefs.

**WHEREFORE**, Shelby requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with

interest from the date of discrimination, in addition to reimbursement for lost pension, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

    e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

    f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g.    That the Court grants Shelby additional relief as may be just and proper.

## COUNT II
## RELIGIOUS DISCRIMINATION PURSUANT TO PHRA

27.    The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

28.    Plaintiff is a member of protected class pursuant to the PHRA, in that she had sincerely held religious beliefs that were ignored by Defendant. Defendant failed to engage in any meaningful interactive process and failed to offer any reasonable accommodations.

29.    At all times relevant hereto, Plaintiff satisfactorily performed all of her job duties.

30.    Defendant terminated Plaintiff because of her religious beliefs when it failed to accommodate her sincerely-held religious beliefs resulting in the damages as set forth more fully hereinabove.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her

favor and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, reinstatement and any and all other pecuniary damages for violation of their rights and for the injuries they has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(d) Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq.*

Respectfully submitted,

The Welsh Law Group, LLC

_____
James L. Welsh, III
PA I.D. #58790
Counsel for Plaintiff

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

_____
James L. Welsh, III, Esquire
Attorney I.D. #58790

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY McCALL WHALEY | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF ALLEGHENY | ) | |
| | ) | |
| Defendant. | ) | |

### ATTORNEY VERIFICATION

I, James L. Welsh, III, Esquire, certify that I am authorized to make this Verification and I have read the foregoing Complaint and verify that the statements therein are correct to the best of my personal knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa. C.S.S. §4904, relating to unsworn falsification to authorities, which provides that if I make knowingly false statements I may be subject to criminal penalties.

10/11/23
Date

James L. Welsh, III, Esquire

1